**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAVID HARDIN** | * | **CIVIL ACTION NO. 6:14-0224** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **IBERIA PARISH SHERIFF'S OFFICE, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss filed on behalf of the Iberia Parish Sheriff's Office ("IPSO"). [rec. doc. 19]. The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 21].

In the instant motion, the IPSO contends that it is not a separate juridical entity apart from the Sheriff, and therefore the IPSO lacks capacity to be sued. Accordingly, the IPSO contends that plaintiff has no cause of action against it.

## LAW AND ANALYSIS

For a plaintiff to sue a city department, it must enjoy a separate legal existence from the city. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). According to Rule 17 of the Federal Rules of Civil Procedure, parties must have the capacity to sue or be sued. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code art. 24. *See also Walker v. Iberia Parish Sheriff Department,* 2007 WL 2127706, *1 (W.D. La. 2007) (citations omitted).

The undersigned finds no law, Constitutional, statutory, or otherwise, that confers upon the IPSO the authority to sue or be sued or that entitles it to function independently of the Iberia Parish Sheriff. To the contrary, under Louisiana law, it is the elected Sheriff, not the Parish Sheriff's Office or Sheriff's Department that is the constitutionally designated chief law enforcement officer of the Parish. Thus, Louisiana law affords no separate legal status to a Parish Sheriff's Office or Sheriff's Department, enabling the Office or Department to sue or be sued, such status being reserved for the Sheriff. *Walker*, 2007 WL 2127706, at *1 (and cases cited therein).[1] Accordingly, the undersigned concludes that the IPSO has no independent legal existence or the capacity to be sued. Indeed, this Court has so found on at least one prior occasion. *Walker*, 2007 WL 2127706, at *1.

In so concluding, the undersigned observes that because a Sheriff's Office or Sheriff's Department does not have an existence separate from the Sheriff, and are thus not amenable to suit in their own right, federal courts have consistently dismissed § 1983 claims against such entities.[2]

---

[1]*See also Valentine v. Bonneville Insurance Co.,* 691 So.2d 665, 668 (La.1997) *citing Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Department*, 350 So.2d 236, 238 (La. App. 3rd Cir.1977); *Ferguson v. Stephens,* 623 So.2d 711, 714 (La. App. 4th Cir. 1993) *citing Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980), rvd in part on other grounds, 402 So.2d 669 (La. 1981); *Garner v. Avoyelles Parish Sheriff's Department*, 511 So.2d 8, 9 at fn.1 (La. App. 3rd Cir. 1987).

[2]*See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because sheriff's department was not suable entity. The Court in *Dean* noted that the "question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under *Monell* and § 1983, but whether the Department is a legal entity subject to suit."); *Cozzo v. Tangipahoa Parish Counsel,* 279 F.3d 273, 283 (5th Cir. 2002) *citing Porche*

Plaintiff has sued Sheriff Ackal. Accordingly, it does not appear that dismissal of the IPSO will prejudice the plaintiff. However, to the extent that the plaintiff intended to name Iberia Parish as a defendant herein, upon Motion, the undersigned will grant plaintiff leave to amend his pleadings naming Iberia Parish as the proper party defendant.[3]

Based on the foregoing reasons, it is recommended that the Motion to Dismiss [rec. doc. 19] be **GRANTED** and accordingly, the Iberia Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** from this lawsuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the**

---

*v. St. Tammany Parish Sheriff's Office,* 67 F.Supp.2d 631, 635 (E.D. La. 1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit"); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001) (the "Parish Sheriff's Department" is not a proper party defendant because "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff."); *Piearson v. Corrections Center Lafayette Parish,* 2006 WL 4012476, *3 (W.D. La. 2006) (same); *Ruggiero v. Litchfield,* 700 F.Supp. 863, 865 (M.D. La. 1998) (same)*; Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (dismissing § 1983 claim against a sheriff department); *Rideau v. Jefferson County*, 899 F. Supp. 298, 301 (E.D. Tex. 1995) *citing Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th Cir. 1993) (same).

[3] *See Parker v. Fort Worth Police Department*, 980 F.2d 1023, 1026 (5th Cir. 1993) (although a police department may not be a proper party defendant, that conclusion does not constitute a proper ground for dismissing a plaintiff's claims. Rather, in the absence of a showing of prejudice, leave to amend to name the proper party defendant rather than dismissal is appropriate).

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed March 24, 2015, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE